UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ORR,

    Plaintiff,

    v.                                       CAUSE NO.: 3:19-CV-154-JD-MGG

ANDREW LIAW, et al.,

    Defendants.

## OPINION AND ORDER

Michael Orr, a prisoner without a lawyer, filed a complaint listing eleven counts against seven defendants. He alleges his left elbow was diagnosed with a mild fracture and displacement around October 6, 2017. He alleges he has not been given proper medical treatment for his left elbow. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In Count One, Orr alleges Warden Sevier, Dr. Liaw, and Captain Carter forced him to be handcuffed behind his back on numerous occasions from October 21, 2017, to January 1, 2019, despite his need for special accommodations because of the injury to

his left elbow. As a result, he alleges he suffered unnecessary pain and permanent physical injury. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Here, because Orr alleges these defendants knew he needed special accommodations for his injured elbow, his allegation that they forced him to be handcuffed behind his back and knowingly caused him injury states a claim for a violation of the Eighth Amendment. However, Orr also alleges these defendants did not implement policies needed to properly monitor and provide medical care to other inmates. This is not a class action and Orr may not represent the interests of other inmates. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); and *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Therefore those allegations in Count One do not state a claim.

In Count Two, Orr alleges Warden Sevier, Nurse Lewis, and Captain Carter "condon[ed] the oppressive acts of [Dr.] Liaw, [Physical Therapist] Bates, [Nurse] Hutchison, and Wexford [Corporation] . . .." ECF 13 at 14. However, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Here, Orr has not alleged facts from which it can be plausibly inferred that Warden Sevier, Nurse Lewis, and Captain Carter were personally involved in any of the actions or omissions of Dr. Liaw,

2

Physical Therapist Bates, Nurse Hutchison, or Wexford Corporation. Therefore, the allegations in Count Two do not state a claim.

In Count Three, Orr alleges Dr. Liaw and Physical Therapist Bates "fabricat[ed] health records to . . . to derive [him] of his access to further medical tests and appropriate medications . . . ." ECF 13 at 14-15. In Count Four, Orr alleges Dr. Liaw and Physical Therapist Bates "creat[ed] inaccurate medical records to impede [his] access to off-site referrals, further diagnostic testing, . . . medical exams, and adequate mediation for nerve pain . . . ." ECF 13 at 15. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, because Orr alleges these medical professionals knowingly falsified his medical records to prevent him from obtaining proper medical treatment from others, these allegations state a claim for a violation of the Eighth Amendment.

In Count Five, Orr alleges Dr. Liaw and Physical Therapist Bates "prolong[ed] waits for practitioner and physical therapy appointments . . . to cause harm, and . . . pain . . . ." ECF 13 at 15. These allegations state a claim that these two defendants acted outside of accepted professional standards in violation of the Eighth Amendment.

In Count Six, Orr alleges Nurse Hutchison and Nurse Lewis "fail[ed] to schedule timely sick call appointments for [him] and withh[eld] non-prescribed pain relievers [on] Nov. 12, 2017, Nov. 14, 2017; Nov. 21, 2017, Feb. 8, 2018, Feb. 23, 2018, May 15,

3

2018, May 28, 2018, June 5, 2018, June 12, 2018, July 16, 2018, July 16, 2018, August 10, 2018, December 31, 2018, [and] January 15, 2019, . . . maliciously . . . to cause harm, and . . . pain . . . ." ECF 13 at 16. These allegations state a claim that these two defendants acted outside of accepted professional standards in violation of the Eighth Amendment.

In Count Seven, Orr alleges Wexford, a private company that provides medical care to inmates, has six policies which resulted in his being denied needed medical treatment for his left elbow: Health Care Records, HCSD-1.34; Access to Care, HCSD-2.04; Waiting List, HCSD-2.33; Medication Management, HCSD-2.17; Off-site Medical, Hospital, and Specialty Care Referrals, A1.05, and Health Evaluation of Offenders in Segregation, HCSD 2.25. A private company may be held liable for constitutional violations when it performs a State function. *West v. Atkins*, 487 U.S. 42 (1988). A private company providing medical care in a prison performs a State function and can be held liable under the standard established in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Here, these allegations state a *Monell* claim against Wexford for enforcing six policies which denied Orr needed medical treatment for his left elbow.

In Count Eight, Orr alleges Warden Sevier, Dr. Liaw, and Captain Carter violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act by not adopting policies permitting him to avoid being handcuffed behind his back because of his injured left elbow. In Count Nine, he alleges Wexford Corporation, Dr. Liaw, and Physical Therapist Bates violated those Acts by not enforcing policies to accurately diagnose and prescribe medication for his suspected nerve damage. As explained in

4

*Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012), the relief available under the ADA and the Rehabilitation Act are coextensive and in the prison context it is better to apply the Rehabilitation Act alone. To state a claim under the Rehabilitation Act, Orr "need only allege that (1) he is a qualified person; (2) with a disability and (3) the Department of Corrections denied him access to a program or activity due to his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Here, Orr's allegations about his injured left elbow meet the first two prongs of the test. However, none of his allegations meet the third prong. Orr does not allege he is being denied access to a program or activity because of his injured elbow. Therefore these allegations do not state a claim. *See also Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

In Count Ten, Orr alleges Dr. Liaw, Captain Carter, and Warden Sevier violated 42 U.S.C. § 1985 by conspiring to withhold adequate medical treatment. Section 1985 "prohibits a conspiracy . . . motivated by racial, or other class-based discriminatory animus." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Here, Orr does not allege he was discriminated against because of his race. To the extent he is alleging he was discriminated against because of his injured elbow, disability is not a protected class under Section 1985. *D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474, 1486 (7th Cir. 1985) ("Being handicapped is not a historically suspect class such as race, national origin, or sex . . ..."). Therefore these allegations do not state a claim.

In Count Eleven, Orr attempts to bring an "Indiana state law claim for indemnification against Wexford of Indiana, LLC and Warden Mark Sevier . . . for any

5

and all future awards and judgments against the Defendants . . . ." ECF 13 at 17-18. However, indemnification is not a basis for a claim by a plaintiff. An action for indemnification "will lie only where a party . . . has been compelled to pay damages due to the wrongful conduct of another for which he is constructively liable." *Underwood v. Fulford*, __ N.E. 3d __, __ , 2019 WL 2701345, at *4 (Ind. Ct. App. June 28, 2019) *quoting Rotec v. Murray Equip., Inc.*, 626 N.E.2d 533 (Ind. Ct. App. 1993). Therefore these allegations do not state a claim.

Finally, Orr seeks injunctive relief. He wants to be examined by an off-site neurologist and receive adequate medical care for his chronic elbow pain. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Inmates are not, however, "entitled to demand specific care" or "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore if the court were to find that Orr is not receiving medical treatment for his chronic left elbow pain as required by the Eighth Amendment, the court could only order that he be provided with medical treatment which meets the requirements of the Eighth Amendment. Warden Sevier has both the authority and the responsibility to

6

ensure that Orr receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, he may proceed against Warden Sevier on a claim for permanent injunctive relief.

Additionally, Orr wants an injunction prohibiting injured inmates from being handcuffed behind their backs. However, Orr does not allege he currently has an injury which prevents him from being handcuffed behind his back and he cannot represent the rights of others. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); and *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Therefore he may not proceed on this injunctive relief claim.

For these reasons, the court:

(1) GRANTS Michael Orr leave to proceed against Warden Sevier, Dr. Liaw, and Captain Carter in their individual capacities for compensatory and punitive damages for forcing him to be handcuffed behind his back in violation of the Eighth Amendment on numerous occasions from October 21, 2017, to January 1, 2019, despite his need for special accommodations because of an injury to his left elbow;

(2) GRANTS Michael Orr leave to proceed against Dr. Liaw and Physical Therapist Bates in their individual capacities for compensatory and punitive damages for violating the Eighth Amendment by fabricating health records to prevent him from accessing needed medical treatment and by delaying his appointments to cause him physical harm and unnecessary pain;

(3) GRANTS Michael Orr leave to proceed against Nurse Hutchison and Nurse Lewis in their individual capacities for compensatory and punitive damages for

7

violating the Eighth Amendment by failing to schedule timely sick call appointments and withholding non-prescribed pain relievers on November 12, 2017; November 14, 2017; November 21, 2017; February 8, 2018; February 23, 2018; May 15, 2018; May 28, 2018; June 5, 2018; June 12, 2018; July 16, 2018; July 16, 2018; August 10, 2018; December 31, 2018; and January 15, 2019;

(4) GRANTS Michael Orr leave to proceed against Wexford of Indiana on a *Monell* claim for compensatory and punitive damages for enforcing six policies (Health Care Records, HCSD-1.34; Access to Care, HCSD-2.04; Waiting List, HCSD-2.33; Medication Management, HCSD-2.17; Off-site Medical, Hospital, and Specialty Care Referrals, A1.05, and Health Evaluation of Offenders in Segregation, HCSD 2.25) which denied him needed medical treatment for his left elbow;

(5) GRANTS Michael Orr leave to proceed against Warden Sevier in his official capacity for injunctive relief to receive medical treatment for chronic pain in his left elbow as required by the Eighth Amendment;

(6) DISMISSES all other claims;

(7) DIRECTS, pursuant to 28 U.S.C. § 1915(d), the clerk and the United States Marshals Service to issue and serve process on Warden Sevier, Dr. Liaw, Captain Carter, Physical Therapist Bates, Nurse Hutchison and Nurse Lewis at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 13);

(8) DIRECTS, pursuant to 28 U.S.C. § 1915(d), the clerk and the United States Marshals Service to issue and serve process on Wexford of Indiana at 9245 North

8

Meridian, Suite 111, Indianapolis, IN 46260, with a copy of this order and the amended complaint (ECF 13);

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Sevier, Dr. Liaw, and Captain Carter, Physical Therapist Bates, Nurse Hutchison, Nurse Lewis, and Wexford of Indiana respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 5, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT