UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ORR,

    Plaintiff,

v.         CAUSE NO.: 3:19-CV-154-JD-MGG

ANDREW LIAW, et al.,

    Defendants.

## OPINION AND ORDER

Michael Orr, a prisoner without a lawyer, filed a motion asking for preliminary injunctive relief. Orr is proceeding on claims for monetary damages and permanent injunctive relief arising out of an injury to his left elbow in 2017. He has been granted leave to proceed against Warden Sevier in his official capacity for injunctive relief to receive medical treatment for chronic pain in his left elbow as required by the Eighth Amendment. In his motion, he asks the court to order the defendant to:

    (1) "arrange for Plaintiff to be examined by an off-site neurologist or medical doctor" (ECF 10 at 1);

    (2) "cease the Westville Control Facility, Operation Directive, forcing injured inmates to be restrained/handcuffed from behind" *id*.; and

    (3) "provide adequate medical care and treatment for Plaintiff's chronic elbow pain and numbness, including adequate physical therapy, adequate pain management with recommended medication and continual monitoring." *Id*.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of

persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Orr asks for three specific injunctive remedies. However, the first two are unavailable. Orr asks to be taken to an off-site physician to be examined. However, the PLRA requires a narrowly drawn remedy. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Inmates are not, however, "entitled to demand specific care" or "the best care possible." *Forbes v.*

*Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). The constitution does not prescribe where nor by whom medical care must be provided. Here, he has not demonstrated that going to an off-site physician is necessary. Therefore he has no chance of success on the merits of obtaining an injunction requiring off-site treatment.

Orr also asks that injured inmates not be handcuffed from behind. However, as explained in the screening order, Orr does not allege that he currently has such an injury. He is not proceeding on a claim for permanent injunctive relief related to this request. Therefore he has no chance of success on the merits of obtaining an injunction requiring other injured inmates be handcuffed other than behind their backs.

This leaves his request for an injunction to obtain adequate medical care and treatment for his chronic left elbow pain and numbness. Orr is proceeding on a claim for permanent injunctive relief to obtain this same remedy. He has a likelihood of success on the merits of this claim. It is also clear available remedies at law would be inadequate. However, it is unclear whether he is being denied adequate medical care as required by the Eighth Amendment. It is also unclear whether he will suffer irreparable harm before the final resolution of his claims if he does not obtain preliminary injunctive relief. These two questions need to be addressed further by both Orr and Warden Sevier.

For these reasons, the court:

(1) DIRECTS the clerk and the United States Marshals Service to deliver a copy of this order and the motion for a preliminary injunction (ECF 10) to Warden Sevier at the Indiana Department of Correction;

(2) ORDERS Warden Sevier to file and serve by **July 18, 2019**, a response to the motion for a preliminary injunction with a sworn statement (and supporting medical documentation as necessary) explaining how Michael Orr is being treated for the chronic pain and numbness in his left elbow; and

(3) GRANTS Michael Orr until **August 1, 2019**, to file a reply to Warden Sevier's response to his motion for a preliminary injunction.

SO ORDERED on July 9, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT