UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL ORR,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW LIAW, et al.,<br><br>Defendants. | CAUSE NO.: 3:19-CV-154-JD-MGG |

OPINION AND ORDER

Michael Orr, a prisoner without a lawyer, filed a motion asking for preliminary injunctive relief to obtain adequate medical care and treatment for his chronic left elbow pain and numbness.[1] ECF 10. After reviewing the motion, the court ordered the Warden of the Westville Correctional Facility[2] in his official capacity to file and serve a sworn statement explaining how Michael Orr was being treated for the chronic pain and numbness in his left elbow. ECF 16 and 19. The Warden filed a timely response.[3] *Id*. and ECF 21. Orr filed a reply and a duplicate copy of his reply. ECF 41 and 42.

---

[1] Orr's motion also asked for other injunctive relief, but those requests were denied by this court on July 9, 2019. ECF 16.

[2] The court originally ordered Warden Mark Sevier to respond. ECF 16. However, when defense counsel notified the court that Mark Sevier was no longer the Warden at Westville, the court substituted the Warden of the Westville Correctional Facility pursuant to Federal Rule of Civil Procedure 25(d). ECF 18 and 19.

[3] Orr notes the Warden did not file a sworn statement as ordered. Nevertheless, the Warden provided 1,686 pages of Orr's medical records from January 2017 to July 2019. ECF 21-1, 21-2, 21-3, and 21-4. Orr disputes the accuracy of some of the information recorded by the medical providers. However, neither the absence of a sworn statement nor Orr's disagreements with some portions of the medical records are relevant to the court's ruling on this motion.

In their briefs, both parties spend a great deal of time focused on events which happened long ago. Though not irrelevant, the question before the court today is whether Orr is currently being denied constitutionally adequate medical care for his left elbow as required by the Eighth Amendment. As explained in the screening order, "if the court were to find that Orr is not receiving medical treatment for his chronic left elbow pain as required by the Eighth Amendment, the court could only order that he be provided with medical treatment which meets the requirements of the Eighth Amendment." ECF 14 at 6.

Orr injured his left elbow in October 2017. Both Orr and the Warden agree that Dr. Liaw last saw Orr on March 5, 2019. ECF 13-2 at 63-66 and ECF 21-2 at 1-4. At that visit, Orr was referred to physical therapy. ECF 13-2 at 63-66 and ECF 21-2 at 1-4. However, despite that referral six months ago, there is no indication in the hundreds of pages of medical records created since then that Orr has seen a physical therapist even once. Though the constitution did not require Orr be seen by a physical therapist immediately, the Warden has provided no explanation for how a six month delay qualifies as constitutionally adequate medical care.

In addition, Dr. Liaw prescribed over-the-counter pain medication for Orr. The medical records are ambiguous as to how long those were made available to Orr. What is not ambiguous is that a nurse documented on June 11, 2019, that Orr was not taking any medication. ECF 21-4 at 46-47. What is not ambiguous is that on the most recent chart update provided to the court, a nurse documented on July 20, 2019, that Orr was not taking any pain medication. ECF 21-4 at 213.

What is also not ambiguous is that Orr has continued to complain of pain. On May 2, 2019, a nurse documented Orr's report that his "elbows burned as if they were on fire and then they would go numb all night[,] my elbows keep locking and swelling[, and] pain and numbness now it's worse." ECF 21-3 at 1. On June 4, 2019, a nurse documented Orr's report of "constant sharp pain in my elbow." ECF 21-4 at 1. On June 7, 2019, a nurse documented Orr's report of "constant sharp pains in my elbows." ECF 21-4 at 23.

Orr was prescribed over-the-counter pain medication. He is not receiving it. He continues to complain of ongoing pain in his left elbow. He has not been re-evaluated by a physician in six months. Again, the Warden has provided no explanation for how this qualifies as constitutionally adequate medical care. Therefore the preliminary injunction will be granted.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

> To obtain a preliminary injunction, a plaintiff must first show that: (1) without such relief, it will suffer irreparable harm before final resolution of its claims; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of success on the merits. If a plaintiff makes such a showing, the court next must weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one. This assessment is made on a sliding scale: The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor. Finally, the court must ask whether the preliminary injunction is in the public interest, which entails taking into account any effects on non-parties. Ultimately, the moving party bears the burden of showing that a preliminary injunction is warranted.

*Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018) (citations and quotation marks omitted). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

The uncontradicted evidence before the court at this time is that Orr was prescribed over-the-counter pain medication and physical therapy more than six months ago. He did not receive physical therapy as ordered and has not received over-the-counter pain medication in many months. Extensively delayed physical therapy can cause irreparable harm. Ongoing suffering caused by pain is an irreparable harm. Money can compensate for past pain, but that alone is not a justification for unnecessarily protracting current suffering. As presented, Orr has some likelihood of success. As for balancing harms, the Warden argues "[a]llowing every inmate to petition the Court for specific medical care simply because he/she disagrees with medical professionals would create a dangerous precedent." ECF 31 at 8. However, that is not what is happening here. The court has already explained that specific medical care is not within the scope of the injunctive relief Orr can obtain in this case. ECF 14 at 6. Moreover, the preliminary injunction is not based on a disagreement with medical

professionals. The uncontradicted evidence before the court shows Orr is not receiving the medical treatment he was prescribed by a medical professional. Finally, the public interest weighs in favor of granting a preliminary injunction in this case because prisoners have a constitutional right to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

It could appear that ordering the originally prescribed physical therapy and access to over-the-counter pain medication would be the appropriate relief in this case. However, Orr has not been re-evaluated by a physician in over six months despite his ongoing complaints of pain. It is unclear whether either physical therapy or over-the-counter pain medications are appropriate medical treatments at this time. Therefore the preliminary injunction will be granted only to the extent the Warden in an official capacity will be ordered to have Orr examined and treated by a licensed physician for his complaints of left elbow pain and numbness.

The Warden argues he "is <u>not</u> a medical professional." ECF 21 at 6 (emphasis in original). However nothing in this order requires the Warden to be a medical professional. This order only requires the warden to locate a licensed physician who will examine Orr's left elbow and provide constitutionally adequate medical treatment. "[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

This order will set a deadline for the Warden to get Orr to a physician, but it will not specify which physician because inmates are not "entitled to demand specific care"

5

or "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Nor will the injunction dictate how Orr's pain is to be treated because, "the Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Neither will the injunction require that Orr's pain be alleviated because "[t]o say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd." *Id*.

For these reasons, the motion for preliminary injunction (ECF 10) is GRANTED to the extent the Warden of the Westville Correctional Facility in an official capacity is ORDERED to have Michael Orr examined and treated by a licensed physician for his complaints of left elbow pain and numbness. The Warden is ORDERED to file a medical report documenting compliance with this order by **noon (South Bend Time), October 3, 2019**. The clerk is DIRECTED to electronically send a copy of this order to the Warden at the Indiana Department of Correction.

SO ORDERED on September 20, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT