UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ORR,

    Plaintiff,

    v.                                                                          Case No. 3:19-CV-154 JD

MARK SEVIER, CARTER,

    Defendants.

## OPINION AND ORDER

Now before the Court is Defendants Warden Sevier and Captain Carter's motion to consolidate this action with cause number 3:19-cv-1067, which is currently proceeding before the Honorable Magistrate Judge Michael Gotsch. Defendants assert that the cases have factual overlap and should be consolidated in order to promote judicial economy. Plaintiff Michael Orr has filed a response in opposition to the motion to consolidate. (DE 162.) Mr. Orr argues that there is minimal factual overlap between these claims, that the defendants in the respective actions differ, and that consolidation would likely result in an "unnecessary delay of trial" and would not "streamline the litigation" (*Id.* at 3.) The Court agrees with Mr. Orr and finds that consolidation is not warranted.

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Consolidation serves "[t]he primary purpose . . . [of] promot[ing] convenience and judicial economy." *Surfrider Found. v. United States Steel Corp.*, 2019 WL 2710499, at *2 (N.D. Ind. June 28, 2019) (citing *Miller v. Wolpoff & Ambramson, LLP*, 2007 WL 2473431, at *2 (N.D. Ind. 2007)). Due to this primary purpose, "when common questions of law or fact are present, cases should be

consolidated if consolidation will streamline the litigation without causing the parties undue prejudice." *Van Patten v. Wright*, No. 07-C-0026, 2009 WL 1886010, at *2 (E.D. Wis. June 30, 2009); *see also Holiday v. Atl. Richfield Co.*, No. 2:16-CV-525-JVB-JPK, 2021 WL 8015991, at *1 (N.D. Ind. May 26, 2021) ("Consolidation is appropriate for cases that share the same questions of law or fact and where consolidation would not result in prejudice to any party."). The Court considers factors such as promoting judicial economy and avoiding delay, inconsistent results, potential jury confusion, and administrative difficulties. *Holiday*, No. 2:16-CV-525-JVB-JPK, 2021 WL 8015991, at *1. When making the decision to consolidate, "[d]istrict courts enjoy substantial discretion . . . ." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

First, there is minimal overlap between the current action and the action in cause number 3-19-cv-1067. In this action, Mr. Orr claims that Warden Sevier and Captain Carter forced him to be handcuffed behind his back in violation of the Eighth Amendment on numerous occasions from October 21, 2017, to January 1, 2018, despite knowing about his need for special accommodations because of a left elbow injury. (DE 14 at 7.) Mr. Orr's claim survived summary judgment, in part, because Mr. Orr presented evidence that Warden Sevier and Captain Carter "approved of Orr being handcuffed behind his back despite knowing he needed special accommodations." (DE 127 at 14.) In cause number 3-19-cv-1067, however, Mr. Orr asserts a claim against different defendants: Correctional Officers Canzoneri and Early. Furthermore, in that case, Mr. Orr's claim relates to one specific incident of alleged excessive force on October 23, 2017, rather than approval of a course of conduct by a supervisor over an extended period of time. Furthermore, the alleged force used in that case appears to differ significantly from this case. The claim in that cause of action alleges that Correctional Officer Canzoneri and Early used excessive force when they applied trip-gear restraints to Mr. Orr, forced his fractured arm out of

its sling, pushed him against a wall, and sprayed him with OC spray, when no such force was needed. (*Orr v. Canzoneri and Early*, Cause No. 3:19-cv-1067, DE 62 at 5–6.) In this action, meanwhile, there is no claim that Warden Sevier and Captain Carter specifically condoned officers using trip-gear restraints on Mr. Orr, pushing him against walls, or spraying him with OC spray. Rather, the claim in this action concerns whether Warden Sevier and Captain Carter condoned handcuffing Mr. Orr improperly behind his back. In cause number 3-19-cv-1067, whether Mr. Orr was handcuffed improperly behind his back is not even a question in dispute. Both parties agree that the officers initially handcuffed Mr. Orr in the front of his body before using trip-gear restraints and OC spray. (DE 53-4 ¶ 6; DE 60-2 at 11.) Despite these significant differences, the Court notes that there may be some factual overlap given that both claims involve Mr. Orr having an injury requiring him to be handcuffed in the front.

However, even if there are some common questions of fact, consolidation would not promote convenience or judicial economy. First, as described above, there is minimal factual overlap between these cases. The evidence that would have to be presented in the other action, therefore, would likely differ greatly from that needed in this action. In the other action, there would have to be detailed testimony regarding the actions taken by Correctional Officers Canzoneri and Early on October 23, 2017 (i.e, whether they, in fact, unreasonably used pepper spray, trip-gear restraints, and forced Mr. Orr's arm out of his sling). In this case, such testimony would not be needed: there is no claim that the supervisors condoned those actions. Rather, there is only a claim that Warden Sevier and Captain Carter forced him to be handcuffed behind his back in violation of the Eighth Amendment on multiple occasions from October 21, 2017, to January 1, 2019. Given that the claims do not depend on one another, and that adding the claims would complicate matters, this weighs against consolidation. *See Miller v. Wolpoff & Abramson*,

*LLP*, No. 106-CV-207-TS, 2007 WL 2473431, at *2 (N.D. Ind. Aug. 28, 2007) (denying consolidation where adding "the claims" would "only complicate matters" and where the claim brought in one action was "not dependent on the facts and legal issues presented" by the claim brought in the other action).

Additionally, consolidating these actions would likely require the introduction of evidence that would prejudice Mr. Orr. In cause number 3-19-cv-1067, Correctional Officers Early and Canzoneri allege that they applied OC spray and pinned Mr. Orr to the ground on October 23, 2017, because he had charged the officers with a sharp weapon in his hand. (DE 53-4.) In his response to the motion to consolidate, Mr. Orr asserts that one potential reason that the Defendants want the cases consolidated is so they can admit the fact that he received a "prison infraction for assault with a weapon . . . on 10/23/2017 . . ." The Court agrees that consolidating these cases would likely allow for the admission of evidence of Mr. Orr's infraction that would otherwise be inadmissible. In the other action, the Correctional Officers defense appears to hinge on Mr. Orr committing a violent act necessitating them using pepper spray and pushing him to the ground. Here, Warden Sevier and Captain Carter have not raised such a defense, and such a defense would likely not be relevant to whether they condoned handcuffing him in the back. Accordingly, consolidating the actions would allow for the defendants to present evidence portraying Mr. Orr as a violent individual, which would otherwise be inadmissible. Given that such evidence could have a significant effect on the jury, the Court finds that consolidating the cases would prejudice Mr. Orr.

Finally, the Court notes that Defendants argue that consolidation would serve judicial economy because most of the witnesses and exhibits will be identical, and that Plaintiff would only have to be transported for one trial. However, the Defendants do not describe in specificity

4

what evidence they think will overlap or why they believe most of the witnesses will overlap. As explained above, the Court believes that there will likely be significant differences in the evidence presented. This case concerns supervisors condoning handcuffing behind the back, while the other alleges a singular violent incident by correctional officers where Mr. Orr was never handcuffed behind the back. That case will likely require the presentation of evidence regarding an alleged violent incident by Mr. Orr, while this case will likely not.[1] Given these significant distinctions, and the prejudice that may come from admitting evidence of that violent incident, consolidation is not warranted. Additionally, trial in this case is set to begin in only a few months, this case is over four years old, and consolidation would only serve to further delay the progress of this case.

For the reasons explained above, the Court DENIES Defendants' motion to consolidate. (DE 157.)

SO ORDERED.

ENTERED: February 27, 2023

          /s/ JON E. DEGUILIO
Chief Judge
United States District Court

---

[1] Defendants, in their reply (DE 164), indicate that they intend to "reference the same incidents in both matters." However, they do not articulate why the incident in cause number 3-19-cv-1067 is relevant here. As explained above, no party in the other action claims that Mr. Orr was handcuffed behind the back, but rather the claim centers on the usage of pepper spray, trip gear restraints, and forcing his arm out of its sling. Meanwhile the only claim remaining in this action is that Warden Sevier and Captain Carter forced him to be handcuffed behind his back in violation of the Eighth Amendment on multiple occasions from October 21, 2017, to January 1, 2019. On its face, the claims appear unrelated and Defendants fail to argue otherwise in any detail. Therefore, while Defendants may intend to present evidence of the other incident in this matter, the Court is not convinced such evidence will be allowed under the Rule 401 and Rule 403 of the Federal Rules of Evidence.